UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMARCUS L. MASON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>C. WOFFORD,<br><br>　　　　Respondent. | No. 2:13-cv-00507 EFB (HC) |
| DEMARCUS L. MASON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>C. WOFFORD,<br><br>　　　　Respondent. | No. 2:13-cv-01051 CMK (HC)<br><br>ORDER |

　　　Petitioner is a state prisoner proceeding pro se with petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently pending before the court is respondent's August 5, 2013, motion to consolidate. (Doc. 8 in case no. 2:13-cv-01051-CMK). For the reasons discussed below, the court will grant respondent's motion.

1

On March 10, 2013,[1] petitioner filed a federal petition for writ of habeas corpus in this court. This first petition was assigned case number 2:13-cv-00507 EFB (HC). The petition challenges petitioner's October 2011 conviction in Sacramento County Superior Court for voluntary manslaughter. Petitioner filed a second petition for writ of habeas corpus on May 23, 2013. This petition was assigned case number 2:13-cv-01051 CMK (HC) and also challenges petitioner's October 2011 conviction in Sacramento County Superior Court for voluntary manslaughter. On August 5, 2013, respondent filed a request to consolidate the two above-listed cases.

Consolidation of these two cases is appropriate only if they involve a common question of law or fact, see Fed. R. Civ. P. 42(a), and challenge the same state court judgment, see Rule 2(e), Rules Governing § 2254 Cases in the United States District Courts. Here, an examination of the two petitions reveals that they involve similar factual questions and some identical legal issues. Specifically, both petitions challenge petitioner's October 2011 conviction on the grounds that "petitioner was unconstitutionally denied credits against his sentence to which he was lawfully entitled." ECF No. 1 at 4. Petitioner's first-filed petition in 2:13-cv-00507 EFB (HC) argues that he was entitled to conduct credits pursuant to Cal. Pen. Code §§ 2900.5 and 4019. Petitioner's second petition argues that he was entitled to pre-sentence and post-sentence credits for time served in custody, pursuant to Cal. Pen. Code § 654. While the California statutes and supporting facts provided by petitioner vary between the two petitions, the court finds that they should be consolidated under Fed. R. Civ. P. 42(a) because they involve the same conviction and a common question of law and fact.

---

[1] Where applicable, the dates used for petitioner's filings are determined pursuant to the prisoner mailbox rule. See Houston v. Lack, 487 U.S. 266, 276 (1988).

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's August 5, 2013, motion to consolidate (Doc. 8 in case no. 2:13-cv-01051-CMK) is granted;

2. The Clerk of the Court is directed to file a copy of this order in both cases captioned above; and

3. The Clerk of the Court is directed to close case no. 2:13-cv-01051-CMK.

Dated: November 18, 2013

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE